### In re L. S. STARRETT CO.

(Circuit Court of Appeals, First Circuit. April 23, 1913.)

#### No. 1,014 (Original).

MANDAMUS (§ 4*)—GROUNDS—REMEDY BY APPEAL.

In this case, the rule is applied that a writ of mandamus to the judge of a District Court will not be granted where all matters to which the petition relates may be reviewed by appeal.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 9–21, 24–34; Dec. Dig. § 4.*]

Petition by the L. S. Starrett Company for writ of mandamus against Arthur L. Brown, District Judge for the District of Rhode Island. Petition dismissed.

Robert W. Hardie, of New York City, for the petitioner.
Wilmarth H. Thurston, of Providence, R. I., opposed.

Before PUTNAM and DODGE, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a petition for writ of mandamus, to be directed to the judge of the District Court for the District of

Rhode Island. The proceeding out of which it arose was a bill in equity in favor of the Brown & Sharpe Manufacturing Company against the petitioner.

In that case the learned judge of the District Court had passed down an opinion sustaining the bill, and ordering an interlocutory decree for an accounting and an injunction. As yet the interlocutory decree has not been entered, and the matter is still in the breast of the District Court. We have carefully examined all the papers in the case, and we find no special reason why we should depart from the usual rule that a petition for writ of mandamus, or for a prohibition, cannot be allowed to take the place of an appeal or writ of error. On the other hand, there are special reasons why it is plain that the petitioner in this case has ample remedy by appeal, and ample time to avail himself of that remedy.

The petition relates entirely to proceedings, or omissions of proceedings, in the usual course of litigation in the District Court, for which there is ample remedy by appeal, subject to certain observations in two particulars. One relates to a claim that the action of the District Court in one respect was not sub judice; and another like claim is that the complainant was allowed to file ex parte affidavits without any opportunity for cross-examination or reply thereto by the respondent, the present petitioner. If the time for appeal had expired, and especially if a final decree had been entered, there might be some ground for a special writ, either mandamus or prohibition, with reference to those particular matters; but, as the case is still in the breast of the court, the petitioner, as we have said, has full remedy in regular course.

The other ground of the petition is that the opinion of the learned judge of the District Court, now on file in that court, has been modified from the draft originally filed. This is ordinarily a matter of no consequence, and is in accordance with the constant practice, though, perhaps, under very peculiar circumstances, it might justify application for relief. So far as we can perceive, the allegations in the petition with reference to this opinion fail to show that the case would not be met by a suggestion of diminution of the record, even if the allegations were substantiated in any particular; but the allegations illustrate a special reason of convenience, and also a reason for guarding against the possibility of error, by holding proceedings of the character now before us strictly within the limits of the ordinary rules of practice. The most that could be brought before the court by this proceeding would be a fragmentary consideration of the case on all the questions to which the petition relates, and especially with reference to the opinion which we have referred to; and such fragmentary considerations throw unnecessary burdens on the court, and lead to danger of error, or oversight, all of which will be avoided when the full record comes up on a regular appeal, from which we may perceive clearly, not only whether there have been errors, but that whatever errors are alleged, if they occurred, are trivial, and not material.

On the whole, we have no doubt that, on an appeal in the ordinary

way, the petitioner will be enabled to bring before us all the questions which he now seeks to raise. Neither have we any doubt that, if there proves to be any surprise in this respect, we will be able to give the petitioner adequate relief on a better understanding of the case than we can now receive.

The petition is dismissed, with costs for the respondent, and without prejudice.